

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                   **No. CR 04-520 RB**

ROBERTO GONZALES,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant's Motions to Suppress (Doc. No. 15) and (Doc. No. 17), filed on April 16, 2004.  On May 4, 2004, the Court held an evidentiary hearing on Defendant's motions.  Having fully considered the pleadings of record, the applicable law, the evidence and arguments of counsel presented at the hearing, and being fully advised in the premises, the Court finds that Defendant's Motion to Suppress (Doc. No. 15) is well-taken and should be granted.  However, Defendant's Motion to Suppress (Doc. No. 17) should be denied.

## I. Background

On December 14, 2002, Defendant, in an inebriated state, rolled a red Chevrolet pickup truck and was seriously injured. Gov.'s Resp. to Def.'s Mot. to Suppress, 2; Doc. No. 34.  The red Chevrolet pickup truck was not registered to Defendant. Def.'s Mem. of Law in Support of Mot. to Suppress, 3; Doc. No 16.  When the police officers arrived at the scene, Defendant was lying on the ground in critical need of medical attention. Gov.'s Resp. to Def.'s Mot. to Suppress, 2; Doc. No. 34.  Defendant was subsequently transported to the Eastern New Mexico



Medical Center for his injuries. *Id.* at 3. He was later arrested for aggravated driving under the influence of intoxicating liquor or drugs. Def.'s Mem. of Law in Support of Mot. to Suppress; Ex. A, Detective Gonzales' Aff. ¶ 4.

Prior to having the truck towed, Officer Sharpe conducted an inventory of the items inside the vehicle. Gov.'s Resp. to Def.'s Mot. to Suppress, 3. During the inventory, Officer Sharpe discovered a magazine clip for a Glock 10mm handgun. *Id.* The magazine clip was loaded with nine live rounds. *Id.* Officer Sharpe, however, did not find the magazine clip's corresponding handgun. Def.'s Mem. of Law in Support of Mot. to Suppress; Ex. A, Detective Gonzales' Aff. ¶ 6. It was later determined that Defendant had a prior felony conviction. *Id.*; Detective Gonzales' Aff. ¶ 7.

On December 16, 2002, Detective Filomeno Gonzales, of the Roswell Police Department, applied for and received a search warrant for Defendant's residence at 321 E. Church in Roswell, New Mexico. *Id.*; Ex. A. Upon its execution, officers discovered weapons and ammunition inside Defendant's home. Gov.'s Resp. to Def.'s Mot. to Suppress, 6. On March 19, 2004, a federal grand jury indicted Defendant on charges of (1) felony possession of a firearm, and (2) felony possession of ammunition. Doc. No. 10.

## II. Discussion

With respect to his first motion to suppress (Doc. No. 15), Defendant argues that the search warrant issued by the Magistrate Judge was constitutionally infirm because the affidavit in support of the search warrant did not establish probable cause. Defendant argues that the facts in the affidavit did not implicate his residence. Specifically, Defendant claims there was no nexus between the magazine clip found in a red Chevrolet pickup truck he did not own, Defendant's prior felony conviction, and his residence to justify the search warrant.

2

"A magistrate judge's task in determining whether probable cause exists to support a search warrant 'is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Tuter*, 240 F.3d 1292, 1295 (10th Cir. 2001) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). However, probable cause requires a tight fit between the contraband to be seized and the place to be searched. *United States v. Corral-Corral*, 899 F.2d 927, 937 (10th Cir. 1990). The affidavit relied on by the Magistrate Judge must contain information linking the person's home to the suspected criminal activity. *See United States v. Lalor*, 996 F.2d 1578, 1582-83 (4th Cir. 1993) (stating "residential searches [are] upheld only where some information links the criminal activity to the defendant's residence").

In the instant case, the affidavit does not set forth evidence linking Defendant's home with suspected criminal activity. *See* Def.'s Mem. of Law in Support of Mot. to Suppress; Ex. A, Detective Gonzales' Aff. A review of Detective Gonzales' affidavit in support of the search warrant is instructive. *Id.* The first five paragraphs discuss the roll-over accident leading up to Defendant's arrest. *Id.* The remaining four paragraphs, in essence, provide only two grounds purporting to establish probable cause that contraband or evidence of a crime would be found in Defendant's residence: (1) a magazine for a Glock 10 mm handgun located in a red Chevrolet pickup truck Defendant was driving, and (2) the fact that Defendant is a convicted felon. *Id.* Aside from Detective Gonzales' conclusory assertion that "firearm [sic] are often kept at the residence as well as in vehicles," the affidavit did not provide any facts connecting the magazine clip to Defendant's home. *Id.* Detective Gonzales' Aff. ¶ 6. There is nothing about a magazine

3

clip found in a pickup truck Defendant did not own and Defendant's prior felony conviction that would, necessarily, implicate his residence.

Such a link is critical in determining whether the affidavit provided the Magistrate Judge with probable cause to issue the search warrant. *United States v. Tisdale*, 248 F.3d 964, 970-971 (10th Cir. 2001). In *Tisdale*, the Tenth Circuit upheld the lower court's decision denying defendant's motion to suppress. Unlike here, the affidavit, in *Tisdale*, tied the residence to the suspected criminal activity. *Id*. For example, the affidavit indicated that defendant had left his residence with a bag of crack cocaine and a gun. *Id*. The affidavit also stated that officers had discovered bullet holes in the home's exterior and shell casings around its yard. *Id*. In *Tisdale*, the home was the center of the criminal activity. *Id*. Therefore, it was logical for the Magistrate Judge to believe that a fair probability existed that defendant's residence would contain evidence of a crime. *Id*.

Analyzing our facts in light of *Tisdale*, Defendant's residence played no role in the suspected criminal activity. During the hearing, the evidence revealed that there had been no surveillance of the 321 E. Church residence. There were no informants testifying that they had witnessed criminal activity inside or near Defendant's home. Unlike the affidavit in *Tisdale* that linked the residence to the suspected criminal activity, the affidavit here did not provide any evidence implicating Defendant's home. Accordingly, the Court finds that the Magistrate Judge did not have probable cause to issue the search warrant.

The legal analysis, however, does not end here; rather, the Court must now determine whether the good faith exception provides the Government safe harbor. In *United States v. Leon*, 468 U.S. 897 (1984), the Supreme Court created a good faith exception to the exclusionary rule. The *Leon* court held that the exclusionary rule should not bar the use of evidence obtained by law

4

enforcement officers acting in good faith and with reasonable reliance on a facially valid search

warrant. *Id*. at 919-920.

The Supreme Court identified four situations that preclude the application of the good

faith exception.

> First, evidence should be suppressed if the issuing magistrate was misled by an
> affidavit containing false information or information that the affiant would have
> known was false if not for this reckless disregard of the truth. Second, the
> exception does not apply when the issuing magistrate abandons her judicial
> role. Third, the good-faith exception does not apply when the affidavit in
> support of the warrant is so lacking in indicia of probable cause as to render
> official belief in its existence entirely unreasonable. Fourth, the exception does
> not apply when a warrant is so facially deficient that the executing officer could
> not reasonably believe it was valid.

*United States v. Tisdale*, 248 F.3d 964, 972 (10th Cir. 2001) (quoting *Leon*, 468 U.S. at

922-23))(internal quotation marks omitted).  In the instant case, the first and third situations

apply.

With respect to the first *Leon* situation, Detective Gonzales, inadvertently, misled the

Magistrate Judge.  At the evidentiary hearing, Detective Gonzales testified that he did not inform

the Magistrate Judge that the red Chevrolet pickup truck where the magazine clip had been

located did not belong to Defendant.  And unless otherwise stated, the logical assumption, after a

careful reading of Detective Gonzales' affidavit, is that the red Chevrolet pickup truck belonged

to Defendant.  Therefore, the Magistrate Judge was unable to make an informed decision

regarding the issuance of the search warrant, as the affidavit did not contain this significant

information.  Accordingly, excluding the evidence pertaining to Defendant's first motion will

encourage Detective Gonzales and law enforcement officers similarly situated to fully disclose all

relevant information when applying for a search warrant, as the "physical entrance into the home

5

of another [without a valid search warrant] . . . is the chief evil the Fourth Amendment has sought to alleviate." *See Payton v. New York*, 445 U.S. 573, 585 (1980).

With regard to the third *Leon* situation, the affidavit here was so lacking in probable cause as to render official belief in its existence unreasonable. The facts in Detective Gonzales' affidavit are illustrative. The magazine clip here, unlike a controlled substance, is not inherently criminal. It is Defendant's prior felony conviction that makes possession of the ammunition illegal. The affidavit did not state that Defendant's fingerprints were found on the magazine clip. Def.'s Mem. of Law in Support of Mot. to Suppress; Ex. A, Detective Gonzales' Aff. It also did not provide circumstantial evidence demonstrating Defendant's ownership of the magazine clip. *Id.* Thus, the affidavit in support of the search warrant did not conclusively establish that a crime had been committed as it describes facts that: (1) could have had a legal explanation; and (2) are in no way connected to Defendant's residence. Accordingly, the third *Leon* situation precludes the application of the good faith exception in the instant case.

As to his second motion to suppress (Doc. No. 17), Defendant claims that the inventory search of his pickup truck violated the Fourth Amendment. Defendant raises two primary challenges: (1) the officers lacked probable cause; and (2) the search was not justified as a valid inventory search.

In *United States v. Haro-Salcedo*, 107 F.3d 769, 772 (10th Cir. 1997), the Tenth Circuit held that:

> [a]n inventory search is a well-defined exception to the warrant requirement of the Fourth Amendment, designed to effect three purposes: protection of the owner's property, protection of the police against claims of lost or stolen property, and protection of the police from potential danger.

6

An inventory search is reasonable if it is "conducted according to standardized procedures." *Id.* However, when the inventory search serves as a pretext to conduct a general search in order to discover incriminating evidence, it is invalid. *Id.* at 773.

In the instant case, Officer Sharpe's inventory search survives constitutional scrutiny. During the hearing, the evidence showed that Officer Sharpe was the second officer to arrive at the scene of the accident. Upon arrival, he encountered an overturned pickup truck on private property. As indicated earlier, Defendant was taken to the hospital where he was later arrested for aggravated driving under the influence of intoxicating liquor or drugs. Def.'s Mem. of Law in Support of Mot. to Suppress; Ex. A, Detective Gonzales' Aff. ¶ 4. Thus, in light of Defendant's hospitalization and the overturned pickup truck lying on private property, the pickup truck's removal was necessary. Pursuant to the Roswell Police Department's policies and procedures, Officer Sharpe conducted an inventory search of the items inside the vehicle before it was towed. It was during the inventory search that Officer Sharpe discovered the magazine clip. Although Officer Sharpe did not indicate, in his inventory report, the exact location where he had found the magazine clip, the fact that the pickup truck was overturned negates the demand for this type of precision, as the items inside the pickup truck had been disturbed and, likely, were not in their original location. Accordingly, Officer Sharpe's discovery of the magazine clip did not offend the Fourth Amendment.

## III. Conclusion

The Magistrate Judge did not have probable cause to issue the search warrant, and the good faith exception does not provide the Government safe harbor. Accordingly, Defendant's first motion to suppress should be granted. However, the inventory search conducted by Officer Sharpe here is a well-defined exception to a search warrant requirement of the Fourth Amendment. Therefore, Defendant's second motion to suppress will be denied.

**WHEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Suppress (Doc. No. 15), filed on April 16,

2004, is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress (Doc. No. 17), filed

on April 16, 2004, is **DENIED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**